**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**ZUFFA, L.L.C. d/b/a THE ULTIMATE FIGHTING
CHAMPIONSHIP ("UFC"),**

                  **Plaintiff,**

  - v -                                      Civ. No. 8: 12-CV-1584
                                                (NAM/RFT)

**KARL PRYCE,**

                  **Defendant.**

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**APPEARANCES:**                                **OF COUNSEL:**

LONSTEIN LAW OFFICE, P.C.             Julie Cohen Lonstein, Esq.
80 North Main Street, P.O. Box 351
Ellenville, New York 12428
*Attorney for Plaintiff*

**NORMAN A. MORDUE, Senior United States District Judge:**

## **MEMORANDUM-DECISION and ORDER**

**I.     INTRODUCTION**

Plaintiff moves for default judgment against defendant pursuant to Rule 55(b) (2) of the Fed. R. Civ. P.. Plaintiff seeks statutory money damages for defendant's willful violation in obtaining the unauthorized viewing of a pay-per-view proprietary broadcast pursuant to Title 47 of the United States Code §§ 553 and 605 for copyright infringement and under the copyright laws of the United States..

**II.    DISCUSSION**

A.     Applicable Legal Standard

A default constitutes an admission of all well-pleaded factual allegations in the complaint,

except for those relating to damages. *Greyhound Exhibitgroup. Inc. v. E.L.U.L. Reality Corp.*, 973 F.2d 155, 158 (2d Cir.), *cert. denied.*, 113 S.Ct. 1049 (1993); *Au Bon Pain Corp. v. Artect*, Inc., 653 F.2d 61, 65 (2d Cir. 1981). A default also effectively constitutes an admission that damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged. *See Au Bon Pain*, 653 F.2d at 69-70. The movant need prove "only that the compensation sought relate to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

A court must ensure that there is a reasonable basis for the damages specified in a default judgment. Actual damages or statutory damages may be assessed. In determining damages not susceptible to simple mathematical calculation, Fed.R.Civ.P. 55 (b) (2) gives a court the discretion to determine whether an evidentiary hearing is necessary or whether to rely on detailed affidavits or documentary evidence. *Action S.A. v. Marc Rich and Co., Inc.*, 951 F.2d 504, 508 (2d Cir.), *cert. denied,* 503 U.S. 1006 (1992) (quoting *Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). The moving party is entitled to all reasonable inferences from the evidence it offers. *See Au Bon Pain*, 653 F.2d at 65 (citing *Trans World Airlines, Inc. v. Hughes*, 308 F.Supp. 679, 683 (2d Cir. 1969)).

B.      Liability

Defendant has failed to answer plaintiff's complaint and plaintiff has obtained a Clerk's Entry of Default (Dkt. #7). Thus, the Court deems true all relevant and well-pleaded factual allegations in plaintiff's complaint. *See H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006). The complaint sets forth well-pleaded facts supporting plaintiff's claim that defendant knowingly, willfully and unlawfully received, viewed and illegally accessed UFC broadcasts

#130 and #131, the subject copyrighted broadcasts, on May 28, 2011, and June 11, 2011, without paying plaintiff the appropriate pay-per-view fees. Defendant's default constitutes an admission of these factual allegations. *See Au Bon Pain Corp.*, 653 F.2d at 65. Accordingly, plaintiff has demonstrated that it is entitled to the relief requested, that is, judgment against defendant, for any and all such damages recovered by the plaintiff herein, together with all costs and disbursements and attorney's fees in connection with this action.

C.  Damages

After establishing liability, a court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). To determine the amount of damages in the context of a default judgment, "the court may conduct such hearings or order such references as it deems necessary and proper." Fed. R. Civ. P. 55(b)(2). "It [is] not necessary for the District Court to hold a hearing, as long as it ensured that there [is] a basis for the damages specified in the default judgment." *Fustok v. ContiCommodity Serv., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

Plaintiff seeks damages, as well as attorney's fees and costs, for defendants' violation of 47 U.S.C. §§ 553(a)(1) and 605(a). Section 553 prohibits persons from intercepting or receiving "any communications service offered over a cable system, unless specifically authorized to do so ..." 47 U.S.C. § 553(a)(1). Section 605 proscribes the unauthorized interception and publication of any "radio communication." *See id.* § 605(a). Defendants' default is deemed an admission of the use of an unauthorized device to intercept coded and scrambled internet transmissions. *Greyhound*, 973 F.2d at 158; *Au Bon Pain Corp.*, 653 F.2d at 65*; see also Transatlantic Marine Claims Agency, Inc.*, 109 F.3d at 108 (recognizing that the factual allegations in the complaint,

except those relating to damages, are deemed true after default). Defendant has thus admitted to violating both sections 553 and 605.

Where a defendant admits to violating both sections, a plaintiff may elect to recover damages under section 605. *See Int'l Cablevision, Inc. v. Sykes*, 75 F.3d 123, 131 n. 5 (2d Cir.), *cert. denied sub nom. Noel v. Int'l Cablevision*, 519 U.S. 929 (1996). Section 605 states that where plaintiff is unable to provide evidence of the extent of any violations, the plaintiff may elect to recover statutory damages, instead of actual damages. 47 U.S.C. § 605 (e) (3) (C) (i) (II). The range of statutory damages for a violation of section 605(a) is $1,000 to $10,000. A court has discretion to determine the number of violations and assess damages for each violation. *See id.* The statute does not clearly define "violation;" rather, a court decides which acts of a defendant constitute a violation.

A court has two options when assessing damages under section 605. First, it can multiply the number of patrons present at the unauthorized broadcasting by a specific dollar amount, typically the customary charge for the pay-per-view event being shown. *See, e.g., Time Warner Cable of New York City v. Taco Rapido Rest.*, 988 F.Supp. 107, 111 (E.D.N.Y. 1997) (awarding statutory damages of $50 per patron); *Cablevision Systems Corp. v. 45 Midland Enterprises*, 858 F.Supp. 42, 45 (S.D.N.Y.1994) (awarding statutory damages of $50 per patron). Alternatively, where the exact number of patrons is unknown, the court can impose damages based on what it "considers just." *Kingvision Pay-Per-View, Ltd. v. Scott E's Pub, Inc*., 146 F.Supp.2d 955 (E.D.Wis.2001) (awarding $5,250 in statutory damages); *Home Box Office v. Champs of New Haven, Inc*., 837 F.Supp. 480, 484 (D.Conn.1993) (awarding $10,000.00 in statutory damages).

An additional amount of up to $100,000 in enhanced damages is available where the

-4-

violation was willful and was committed for commercial advantage or financial gain. *See id.* § 605(e)(3)(C) (ii). Plaintiff in this case seeks an award of statutory damages, including an enhanced damages award based on defendants' willfulness. In exercising discretion in awarding damages, courts should be mindful of the difficulty in detecting such violations and the widespread problem of piracy. *See Cablevision Sys. New York City Corp. v. Faschitti*, No. 94 Civ. 6830 (DC), 1996 WL 48689, at *2 (S.D.N.Y. Feb. 7, 1996). A court should therefore grant damages in an amount which achieves the deterrent purposes of the statute. *See Cablevision Sys. New York City Corp. v. Lokshin*, 980 F.Supp. 107, 113 (E.D.N.Y.1997).

In this case, unlike those cited by plaintiff, there is no evidence that defendant is a commercial entity who accessed the subject copyrighted broadcasts for proprietary or financial gain. Indeed, plaintiff concedes that defendant viewed the subject broadcasts over the internet on his computer in his residence. The Court thus concludes that the appropriate award of statutory damages in this case is the minimum amount, that is, $1,000.00 for each violation or a total of $2,000.00.

D.   Enhanced Damages

Plaintiff also seeks an increased award pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), which provides in relevant part:

> In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, ... by an amount of not more than $100,000 for each violation of subsection (a) of this section.

Willfulness is defined as "disregard for the governing statute and an indifference for its requirements,*" Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 127 (1985), and is

established by the fact that an event is broadcast without authorization. *See Time Warner Cable of New York City v. Googies Luncheonette*, Inc., 77 F.Supp.2d 485, 490 (S.D.N.Y. 1999) ("Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems."). Courts use a variety of factors in determining whether a defendant's willful conduct justifies enhanced damages. These factors include (1) repeated violations over an extended period of time; (2) substantial unlawful monetary gains; (3) advertising the broadcast; and (4) charging an admission fee or charging premiums for food and drinks. *Kingvision Pay–Per–View Ltd. v. El Rey Del Bistec y Caridad, Inc.*, No. 01–CV–6562, 2001 WL 1586667, at *3 (S.D.N.Y. Dec.12, 2001).

In this case, defendant never paid the required fees to receive or watch the copyrighted broadcasts and, accordingly, was not authorized to intercept, receive or transmit communication of these broadcasts. In order for him to have received the broadcast via the internet on his home computer, he must have engaged in some deliberate act. It is undisputed that defendant used the website known as [www.greenfeedz.com](www.greenfeedz.com) which offered technology that allowed defendant to avoid payment of the required license fee to view plaintiff's programs. Therefore, defendant's conduct was willful. In addition, the court may draw an inference of willfulness from a defendant's failure to appear and defend an action in which the plaintiff demands increased statutory damages based on allegations of willful conduct. *See Fallaci v. The New Gazette Literary Corp.*, 568 F.Supp. 1172, 1173 (S.D.N.Y. 1983).

In this case, the factors supporting enhanced damages are not especially compelling. There is no evidence of previous violations. The most readily identifiable loss sustained by the plaintiff are the licensing fees it would have received had defendant legitimately obtained rights to view

the broadcasts which the Court presumes are minimal but undisclosed on this record. As referenced above, there is no evidence that defendant obtained any financial gain from his illegal receipt of the copyrighted broadcasts since he viewed them on his home computer. Nevertheless, although plaintiff does not present a strong case for enhanced damages, it is entitled to some enhanced damages because the complaint establishes the defendant's willfulness in intercepting the broadcasts. Taking into account the relevant factors, as well as the fact that the statutory damages discussed previously are well above the presumed amount defendant would have paid to view the broadcasts legally, the Court finds that enhanced damages of two times the amount of statutory damages is appropriate. *See Circuito Cerrado, Inc. v. Pizzeria y Pupuseria Santa Rosita*, 2011 WL 923515, at *7 (E.D.N.Y. 2011) (finding that three times the statutory damages would be an inappropriate calculation of enhanced damages given that the statutory damages were already much greater than license fee cost); *J & J Sports Productions, Inc. v. Welch,* 2010 WL 4683744, at * 5 (E.D.N.Y. 2010) (awarding two times the statutory damage amount as enhanced damages where none of the enhanced damages factors was evident). Therefore, enhanced damages are awarded in the amount of $4,000.00.

E.   Attorneys Fees and Costs

The Federal Communications Act provides that full costs, including attorneys fees, shall be awarded to aggrieved party who prevails in an action under 47 U.S.C.§ 605 (a). Plaintiff has submitted the affidavit of its counsel, Julie Cohen Lonstein, who avers that plaintiff is entitled to an award of costs and attorneys fees of $7,005.10 (seven thousand five dollars and ten cents). Plaintiffs request reimbursement of attorney hours at $250 per hour and paralegal hours at $100 per hour. With respect to hourly fees, the Second Circuit has recently held that courts are to

award the presumptively reasonable fee, that is, the fee that would be paid by a reasonable, paying client in the relevant community. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191-93 (2d Cir. 2008). The Court notes that plaintiffs' counsel Ms. Lonstein, Esq. has extensive experience and expertise in this field of litigation. Due to the nature of the claims, a substantial amount of expertise, time, and labor is required to pursue the claims successfully, even though in some cases recoveries may be relatively small. Here, counsel has succeeded in obtaining judgment recovering statutory as well as enhanced damages. The Court is aware of attorneys' fee awards in similar cases in this community; it has been determined that the prevailing rate in this community in a similar case is $210 per hour for experienced attorneys and $80 per hour for paralegals. *See Directv v. Cruz*, 2006 WL 3386774 , *3 (N.D.N.Y. 2006). In light of these factors and the Court's own knowledge of the rates prevailing in the legal community, the Court finds that the rate in *Cruz* is the reasonable fee in the case at bar.

Accordingly, the award of attorneys' fees and costs is $5229.00 (24.90 x $210) for Attorney Lonstein's services, plus $241.60 (3.02 x $80) for the work by paralegals, in addition to litigation costs of $478.10 for a total of $5,948.70 in attorneys' fees and costs. Adding statutory damages of $2,000.00 and enhanced damages of $4,000.00, plaintiff's total recovery of $11,948.70.

### III.   CONCLUSION

It is therefore

ORDERED that plaintiffs' motion for default judgment (Dkt. No. 10) is GRANTED; and it is further

ORDERED that as an for damages on its complaint against defendant, plaintiff is awarded

the sum of $11,948.70, representing $2,000.00 in statutory damages, plus $4,000.00 in enhanced damages, plus $5,948.70 in attorneys' fees and costs.

IT IS SO ORDERED.

Date: September 20, 2013

*Norman A. Mordue*
Norman A. Mordue
Senior U.S. District Judge